THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>RICHARD W. REID,<br><br>　　　　　　Defendant. | CASE NO. CR19-0228-JCC-2<br><br>ORDER |

This matter comes before the Court on Defendant Richard Reid's motion for a bill of particulars (Dkt. No. 113). Having thoroughly considered the motion and relevant record, the Court hereby DENIES the motion for the reasons explained below.

In fall 2019, Defendant Richard Reid was indicted for conspiracy to solicit and receive kickbacks involving health care programs and for four counts of substantive kickback offenses. (Dkt. No. 3 at 5–17.) Defendant was a co-owner of Northwest Physicians Laboratories, LLC ("NWPL"), a toxicology laboratory based in Bellevue, Washington. (*Id.* at 1–2.)  The indictment contains fifteen pages of factual allegations describing how NWPL allegedly committed health care kickback crimes by soliciting and receiving payments for referrals of urine specimens to other laboratories. (*Id.* at 2–14.)

Defendant seeks a bill of particulars specifying details of the Government's case, such as the date he and others allegedly entered the conspiracy, the manner in which Defendant

participated in "Overt Acts" as alleged in the indictment, and the nature of the event(s) and statements the Government intends to rely on to prove its case. (Dkt. No. 113 at 1–2.)

A defendant may move for a bill of particulars before or within 14 days after arraignment, or at a later time with the Court's permission. Fed. R. Crim. P. 7(f). The purpose of a bill of particulars is "to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense." *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984). It is appropriate where an indictment is insufficient to permit the preparation of an adequate defense. *United States v. DiCesare,* 765 F.2d 890, 897 (9th Cir. 1985). But a "defendant is not entitled to know all the evidence the [G]overnment intends to produce . . . only the theory of the [G]overnment's case." *Cook v. United States*, 354 F.2d 529, 531 (9th Cir. 1965).

Here, Defendant was arraigned over two years ago and has not sought the Court's permission to file his motion. (Dkt. No. 35.) But further, the superseding indictment clearly establishes the Government's theory of its case. (*See* Dkt. No. 3 at 1–16). And, Defendant has received full discovery, (Dkt. No. 114 at 4 (according to the Government, it produced 1.7 million pages of discovery, including dozens of interview reports, agreements, emails, and other records)), which "obviates the need for a bill of particulars." *United States v. Giese*, 597 F.2d 1170, 1180. (9th Cir. 1979).

Accordingly, Defendant's motion for a bill of particulars (Dkt. No. 113) is DENIED.

DATED this 7th day of March 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR19-0228-JCC-2
PAGE - 2